UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERGEI MOROSHKIN,

                              Plaintiff,

            -against-

NATIONAL COUNCIL ON THE AGING
SENIOR COMMUNITY SERVICE
EMPLOYMENT PROGRAM (SCSEP);
LORRAINE CORTES-VAZQUEZ,
COMMISSIONER OF DEPARTMENT FOR
THE AGING, NEW YORK CITY,

                              Defendants.

23-CV-1301 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-1, alleging that Defendants retaliated against him by terminating his participation in a program. By order dated March 1, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this complaint against the National Council on Aging's ("NCOA") Senior Community Service Employment Program ("SCSEP")[1] and Lorraine Cortes-Vazquez, the

---

[1] The SCSEP is a federally funded program for seniors enacted by Congress under the Older Americans Act ("OOA"), 42 U.S.C. § 3001 *et seq*., implemented by the United States Department of Labor ("DOL"), and administered by state agencies and non-profit organizations. *See* https://www.dol.gov/agencies/eta/seniors (last visited Aug. 3, 2023); *see also Hill v. Ser Jobs for Progress Nat., Inc.*, No. 21-1079, 2021 WL 4272050, at *1 (10th Cir. Sept. 21, 2021).

Commissioner of the New York City Department for the Aging. He asserts that Defendants violated the "anti-retaliation provision, Civil Rights Act of 1964 § 704(a), 42 U.S.C.A. § 2000e-3(a)." (ECF 1, at 2.)

The following information is taken from the complaint. On January 3, 2023, Plaintiff filed a complaint "about discrimination" by Debra Joseph, Skills Center Manager of SCSEP, who had terminated his participation in the program. (*Id.* at 5.)[2] Joseph had filed an "SCSEP Exit Form" at the behest of Siveem El-Nahar, Senior Director of the Adult Workforce, despite Plaintiff telling her, "You retaliate me." (*Id.*)

On January 11, 2023, Plaintiff forwarded copies of his complaint to Defendants Cortes-Vazquez and NCOA. He claims that "because of their negligence or instructions to terminate [him] from paid participation in SCSEP, [he] lost [his] income and became unemployed by retaliation of these officials of NYC and [NCOA]." (*Id.*) Plaintiff seeks $50,000 in damages.

## DISCUSSION

### A.     Claims under Title VII

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Title VII also prohibits an employer from retaliating against an employee who has opposed any practice made unlawful by those statutes, or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under the statutes. 42

---

[2] The Court quotes from the complaint verbatim, and all spelling, grammar, and punctuation are as in the original, unless noted otherwise.

U.S.C. § 2000e-3(a); *See Green v. Mount Sinai Health Sys., Inc.*, 826 F. App'x 124, 125 (2d Cir. 2020) ("Title VII prohibits employers from retaliating against any employee because that individual has opposed any practice made unlawful by Title VII." (quoting *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70 (2d Cir. 2015))).

To state a claim for retaliation under Title VII, a plaintiff must plead facts that show that (1) he "participated in a protected activity known to the defendant"; (2) "the defendant took an employment action disadvantaging" him; and (3) there was a "connection between the protected activity and adverse action." *Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. 2007) (citing *Feingold v. New York*, 366 F.3d 138, 156 (2d Cir. 2004)); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 89 (2d Cir. 2015). "[G]eneralized complaints of unfair treatment do not qualify as a protected activity." *Eckhart v. Fox News Network, LLC*, No. 20-CV-5593 (RA), 2021 WL 4124616, at *20 (S.D.N.Y. Sept. 9, 2021) (internal quotation marks and citation omitted). To be a protected activity, the plaintiff "must put the employer on notice that the [plaintiff] believes that discrimination is occurring." *Id.* (citation omitted). A plaintiff need not show, however, that the conduct he opposed actually violated Title VII, only that he possessed a "good faith, reasonable belief that the underlying employment practice was unlawful" under that statute. *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir.1998) (internal quotation marks and citation omitted). Furthermore, "implicit in the requirement that the employer have been aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII." *Jackson v. Syracuse Newspapers,* No. 10-CV-1362 (NAM), 2013 WL 5423711, at *20 (N.D.N.Y. Sept. 26, 2013) (citation omitted). For the causation element, a plaintiff can show a retaliatory purpose indirectly by pleading facts "showing that the protected activity was closely

followed in time by the adverse action." *See Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 217 (2d Cir. 2001) (internal quotation marks omitted).

    **1.**    **Plaintiff does not state a retaliation claim under Title VII.**

    Plaintiff does not allege facts suggesting that Defendants retaliated against him in violation of Title VII. Although the complaint does not provide clear facts, Plaintiff's assertions suggest that he was a participant in the SCSEP administered by the NCOA and possibly, the New York City Department for the Aging. He alleges that, on January 3, 2023, he wrote a discrimination complaint against Joseph, the Skills Center Manager of the SCSEP, and indicates he did this because she had terminated his participation in the program at the behest of the Senior Director of the Adult Workforce. Plaintiff also claims that, when Joseph terminated his participation, he told her, "You retaliate me." (ECF 1, at 5.) Plaintiff later forwarded his complaint against Joseph to the Defendants NCOA and Cortes-Vazquez, and asserts that "their negligence or instructions to terminate" his participation in SCSEP caused him to lose his employment and income and constitute retaliation. (*Id.*).

    The filing of a formal or informal complaint challenging discrimination is a protected activity for purposes of retaliation claims under Title VII. S*ee Summa v. Hofstra Univ.*, 708 F.3d 115, 126–27 (2d Cir. 2013). Here, however, Plaintiff does not allege facts suggesting that he opposed discrimination based on race, color, religion, sex or national origin that he in good faith or reasonably believed violated Title VII. Nor does he allege any facts suggesting that his complaint put his employer on notice that he believed that discrimination had occurred in violation of Title VII, which then led to the termination of his participation in SCSEP. Rather, Plaintiff's complaint indicates that Joseph terminated his participation and he then submitted a complaint alleging discrimination and retaliation. Even if the Court were to assume that Plaintiff first filed a complaint and then his participation was terminated, there is no indication at all that

he opposed conduct that he had a good faith or reasonable belief was prohibited by Title VII. Because Plaintiff does not allege facts suggesting that he participated in protected conduct by opposing actions which he in good faith or reasonably believed constituted discrimination based on race, color, religion, sex or national origin which led to the termination of his participation in the SCSEP, he fails to state a viable claim for retaliation under Title VII.

The Court, however, grants Plaintiff leave to file an amended complaint should he be able to articulate facts suggesting that he was subjected to retaliation for opposing discrimination in violation of Title VII. Plaintiff must specify the discriminatory conduct prohibited by Title VII that he opposed and allege facts showing that his employer terminated his participation in the SCSEP because of that protected conduct.

## 2. Plaintiff cannot bring a Title VII claim against an individual.

Even if Plaintiff were to assert a viable Title VII retaliation claim, he cannot bring Title VII claims against Defendant Cortes-Vazquez. Title VII only provides for the liability of an employer and other covered entities, such as an employment agency, labor organization, or joint labor-management committee. *See* 42 U.S.C. § 2000e–2. The only proper defendant for an action under Title VII is a plaintiff's employer or another entity covered by the statute.[3] *See Chibuzor v.*

_____

[3] The existence of an employer-employee relationship is an essential element of a Title VII claim. *Dabney v. Christmas Tree Shops*, 958 F. Supp. 2d 439, 446 (S.D.N.Y. 2013) (citing *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006)). At this time, the Court need not address whether Plaintiff's participation in the SCSEP created an employer-employee relationship with Defendant NCOA. The Court notes that several federal courts have recognized that participation in SCSEP does not create an employment relationship between participants and SCSEP administrators. *See, e.g., Guy v. AARP Found.*, No. 19-CV-2117, 2020 WL 999197, at *3 (E.D. Mo. Feb. 28, 2020); *Spell v. Md. Human Rels. Comm'n*, No. 11-CV-0803, 2011 WL 6000862, at *5, *16 (D. Md. Nov. 28, 2011); *Singleton v. City of Greenville Hous. Auth.,* No. 06:09-CV-02104, 2011 WL 883669, at *2 (D.S.C. Mar. 11, 2011); *Molina-Olivio v. Experience Works, Inc.*, No. 09-CV-1331, 2009 WL 1767552, at *4 (D.P.R., June 17, 2009); *Henderson v. YMCA & AARP*, No. 05-CV-3179, 2006 WL 752792, at *2 (C.D. Ill. Mar. 21, 2006). However, the United States Court of Appeals for the Tenth Circuit, in an unpublished opinion, noted that both the OOA and the DOL's implementing regulations for the SCSEP are "silent on the question

*Corwin*, No. 20-CV-9643, 2020 WL 6905304, at *2 (S.D.N.Y. Nov. 23, 2020); *Mira v. Kingston*, 218 F. Supp. 3d 229, 235 (S.D.N.Y. 2016). Individuals are not subject to liability under Title VII. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."), *abrogated on other grounds by Burlington Ind. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257 (1998).

The Court must dismiss Plaintiff's Title VII claims against Defendant Cortes-Vazquez, as she is not subject to liability under Title VII.[4]

### 3.    Exhaustion of administrative remedies

Before filing suit under Title VII, a plaintiff must first file a timely charge with the Equal Employment Opportunity Commission ("EEOC") or appropriate state or local agency, and obtain a Notice of Right to Sue from the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1). A plaintiff must commence a civil action within 90 days of receipt of notice of dismissal or termination of proceedings by the EEOC. *See id.* § 2000e-5(f)(1); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 (1984).

---

of whether SCSEP participants are employees of the grantees or host agencies." *Hill*, 2021 WL 4272050, at *4. This issue has not been addressed by courts in the Second Circuit.

    [4] Plaintiff's allegations could also be construed as asserting claims under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). Although Title VII does not provide for individual liability, an individual "who actually participates in the conduct giving rise to the discrimination claim may be held personally liable" under the NYSHRL, and this principle also applies to claims under the NYCHRL. *Tomka*, 66 F.3d at 1317; *Feingold v. New York*, 366 F.3d 138, 158-59 (2d Cir. 2004). Employer entities are also subject to liability under those laws.

    Even if the Court were to construe Plaintiff's claims against Defendant Cortes-Vazquez as arising under NYSHRL or NYCHRL, he would still need to articulate facts establishing a valid retaliation claim against this Defendant.

The exhaustion of these administrative remedies is not, however, a jurisdictional requirement, but rather, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1846 (2019) ("Title VII's charge-filing instruction is not jurisdictional. . . ."); *Hardaway v. Hartford Public Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018) ("[T]he burden of pleading and proving Title VII exhaustion lies with defendants and operates as an affirmative defense.").

Plaintiff does not indicate in the complaint whether he has done anything to exhaust his administrative remedies. If Plaintiff has exhausted his administrative remedies with the EEOC, he should complete the relevant section on the amended complaint form, which includes questions addressing administrative remedy exhaustion.

**B.      State law claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). It is not clear that Plaintiff can state any claims of which the Court has original jurisdiction, and thus the Court will determine at a later stage whether to exercise its supplemental jurisdiction of any state law claims Plaintiff is asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid retaliation claim under Title VII, the Court grants him 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his Title VII retaliation claim. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-1301 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    August 30, 2023
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

-against-

Do you want a jury trial?

☐ Yes    ☐ No

_____

_____

_____
Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

## AMENDED

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name                     Middle Initial        Last Name

Street Address

County, City                                 State                    Zip Code

Telephone Number                       Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

County, City                                 State                    Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City                                 State                    Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                    State              Zip Code

## II.     PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City                    State              Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐   **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

   The defendant discriminated against me because of my (check only those that apply and explain):

   ☐   race: _____

   ☐   color: _____

   ☐   religion: _____

   ☐   sex: _____

   ☐   national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B.   Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.     STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐   did not hire me

☐   terminated my employment

☐   did not promote me

☐   did not accommodate my disability

☐   provided me with terms and conditions of employment different from those of similar employees

☐   retaliated against me

☐   harassed me or created a hostile work environment

☐   other (specify): _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

□   Yes (Please attach a copy of the charge to this complaint.)

    When did you file your charge? _____

□   No

Have you received a Notice of Right to Sue from the EEOC?

□   Yes (Please attach a copy of the Notice of Right to Sue.)

    What is the date on the Notice? _____

    When did you receive the Notice? _____

□   No

## VI.   RELIEF

The relief I want the court to order is (check only those that apply):

□   direct the defendant to hire me

□   direct the defendant to re-employ me

□   direct the defendant to promote me

□   direct the defendant to reasonably accommodate my religion

□   direct the defendant to reasonably accommodate my disability

□   direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

  If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____
Address                City                State                Zip Code


_____
Telephone Number                E-mail Address


_____
Date                Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



# NYLAG
New York | Legal Assistance Group

**Services Provided for Self-Represented Litigants in the Southern District of New York**

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York provides free limited legal assistance to individuals who are representing themselves or planning to represent themselves in civil lawsuits in federal court in Manhattan and White Plains. The clinic is staffed by attorneys, law students, and paralegals. Information given to clinic staff is confidential.

## Clinic Staff Can:

- Advise on filing cases in federal court, including on the issue of whether a case should be filed in the Southern District of New York or somewhere else;
- Provide legal advice in response to questions that come up at any stage of litigation;
- Assist in getting additional information or research into the legal issue in your case;
- Review and explain court orders and filings by your opponent, and provide an overview of the federal legal process in civil cases generally;
- Assist with motions, discovery, and strategy;
- Assist with getting ready for depositions, pretrial conferences, mediations, and court appearances;
- Provide forms and instructions manuals;
- In appropriate cases, help you retain pro bono counsel;
- In appropriate cases, represent you in a mediation through the Southern District's Alternative Dispute Resolution Program, or a court-ordered settlement conference;
- In appropriate cases, represent you at a deposition; and
- In appropriate cases, provide referrals to other agencies and organizations that provide civil legal services and/or social services.

## Clinic Staff Cannot:

- Assist with federal civil cases that belong in a different federal court, such as the Eastern District of New York, which covers of New York, which covers Brooklyn, Queens, Staten Island, and Nassau and Suffolk Counties;
- Assist with an appeal of your federal case;
- Assist with state court cases, bankruptcy court cases, or criminal cases;
- Pay any of the costs associated with filing or defending a lawsuit in federal court;
- File documents with the court on your behalf;
- Appear on your behalf other than representation at a mediation through the Southern District's Alternative Dispute Resolution Program, a court-ordered settlement conference, or, in appropriate cases, a deposition;
- Write court documents for you; or
- Conduct an investigation into the facts of your case.

## Clinic Staff May Decline Assistance If:

- NYLAG has already given advice to your opponent;
- Your legal problem is beyond the scope of matters handled by the clinic;
- Providing assistance would conflict with the New York Rules of Professional Conduct;
- Your income and/or assets are high enough to allow you to retain private counsel; or
- NYLAG determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

Use of the NYLAG Legal Clinic for Pro Se Litigants is separate from any appointment of counsel by the court. A request for appointment of counsel requires a separate application and the decision whether to appoint counsel is entirely up to the court. Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

**New York:** Thurgood Marshall United States Courthouse | Room LL22 | 40 Foley Square | New York, NY 10007 | (212) 659 6190 | https://nylagoi.legalserver.org/modules/matter/extern_intake.php?pid=142&h=cea984&

