```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/06/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERGEI MOROSHKIN,

                  Plaintiff,

-against-

NATIONAL COUNCIL ON AGING SENIOR
COMMUNITY SERVICE EMPLOYMENT
PROGRAM, et al.,

                  Defendants.

23-cv-01301 (MMG)

**OPINION AND ORDER**

MARGARET M. GARNETT, United States District Judge:

    Plaintiff Sergei Moroshkin, who is proceeding *pro se*, filed this action against the National Council on the Aging Senior Community Service Employment Center and Lorraine Cortes-Vazquez, on February 13, 2023.  *See* Dkt. No. 1.  Judge Laura Taylor Swain, who was previously assigned to this matter, issued an Order to Amend requiring Plaintiff to amend his complaint to correct various deficiencies identified therein.  *See* Dkt. No. 4.  Consistent with Judge Swain's Order, Plaintiff amended his complaint on September 8, 2023.[1]  *See* Dkt. No. 5. Plaintiff's Amended Complaint kept the National Council on the Aging Senior Community Service Employment Center ("Defendant NCOA") as a defendant, added Siveem El-Nashar, Senior Director of the Older Adult Workforce at the New York City Department for the Aging, as a defendant, and dropped Lorraine Cortes-Vazquez as a defendant.  *See id.*

---

[1] Plaintiff's Amended Complaint (Dkt. No. 5) is the operative complaint in this action.

Presently before the Court are two motions to dismiss the Amended Complaint filed separately by Defendant Siveem El-Nashar and Defendant NCOA. *See* Dkt. Nos. 17, 38.[2] For the reasons that follow, Defendant El-Nashar's motion to dismiss and Defendant NCOA's motion to dismiss are GRANTED.

## FACTUAL BACKGROUND

The Factual Background section is drawn from information contained in Plaintiff's Amended Complaint (Dkt. No. 5) and in the documents attached to Plaintiff's opposition to Defendant El-Nashar's motion to dismiss (Dkt. No. 21; *see also* Dkt. No. 44). These documents include a signed Notice of Statement of Rights from the New York City Department for the Aging ("NYCDFTA") dated November 15, 2022 (Dkt. No. 21 at 8); a Referral Form for Plaintiff's work placement (*id.* at 9); a letter from the NYCDFTA to Plaintiff titled "Official response to your complaint" dated November 25, 2022 (*id.* at 10); the NYCDFTA's "Grievance Procedures" (*id.* at 11); weekly job search logs (*id.* at 13–19); emails between Plaintiff and Mr. Cheung dated December 19, 2022 and December 29, 2022 (*id.* at 21–22); Plaintiff's SCSEP Exit Form dated January 11, 2023 (*id.* at 24–25); a letter from the NYCDFTA to Plaintiff titled "Termination from Older Adult Employment Program effective February 10, 2023" dated January 11, 2023 (*id.* at 26); a letter from Plaintiff that is addressed to "Siveem El-Nashar, Senior Director-Older Adult Workforce, NYC Department for the Aging" dated January 28, 2023 (*id.* at 27); and a letter from the NYCDFTA to Plaintiff titled "Notification of Program Termination Letter" dated February 10, 2023 (*id.* at 28). The Court relies on these documents because they are incorporated by reference in Plaintiff's Amended Complaint, *see generally* Dkt.

---

[2] Plaintiff filed a "Cross Motion to Deny the Motion of Defendant Siveem El-Nashar's Motion to Dismiss." Dkt. No. 36. Because Defendant El-Nashar's motion to dismiss is granted, Plaintiff's cross motion is denied as moot.

No. 5, and because Plaintiff's Amended Complaint "relies heavily upon [their] terms and effect[.]" *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." (internal references omitted)).

Plaintiff participated in a Senior Community Service Employment Program ("SCSEP")[3] through the NYCDFTA from at least November 15, 2022 to January 11, 2023.[4] Dkt. No. 5 at 3; Dkt. No. 21 at 8. Plaintiff self-identifies as "white" and alleges that he has a "Russian accent." Dkt. No. 5 at 3. Plaintiff alleges that on November 25, 2022, he "complained on discrimination by Debra Joseph, Skills Center Manager[,] for not providing Chromebook for [his] job search[.]" *Id.* at 8. On November 29, 2022, Plaintiff alleges that he was "abruptly taken from [his computer] training class to [an] internship by Debra Joseph[.]" *Id.* Plaintiff alleges that this internship was coordinated by "Mr. Duarte," Borough Coordinator, without Plaintiff's authorization. *Id.*

On December 9, 2022, Plaintiff alleges that he met with "Administration SCSEP" regarding his complaint about not receiving a Chromebook. *Id.* at 8–9. On December 12, 2022,

---

[3] The SCSEP is a federally funded program for seniors enacted by Congress under the Older Americans Act, 42 U.S.C. 3001 *et seq.*, implemented by the United States Department of Labor, and administered by various state agencies and non-profit organizations. *See* https://www.dol.gov/agencies/eta/seniors; *see also Hill v. SER Jobs for Program Nat'l, Inc.*, No. 21-1079, 2021 WL 4272050, at *1 (10th Cir. Sept. 21, 2021).

[4] Plaintiff does not allege the date on which he started participating in SCSEP in his Amended Complaint, but Plaintiff does include a document titled "New York City Department for the Aging Notice of Rights" form that is dated November 15, 2022. Dkt. No. 21 at 8. This is the earliest date mentioned in Plaintiff's submissions.

Enos Cheung, the Deputy Director of the Older Adult Employment Unit at the NYCDFTA, sent Plaintiff a letter with NYCDFTA's "official response" to his November 25, 2022 complaint. Dkt. No. 21 at 10. In the letter, Mr. Cheung informed Plaintiff that after a "thorough investigation of [Plaintiff's] allegations," the NYCDFTA determined that his allegations were unfounded. *Id.*

After receiving this response, Plaintiff wanted to continue his computer training through SCSEP and asked Mr. Cheung for an opportunity to do so. Dkt. No. 5 at 9; *see also* Dkt. No. 21 at 20. Plaintiff alleges that Mr. Cheung stated, in an email dated December 29, 2022, "that [he] should apply for training to Center for Old Adults on 25th Street." Dkt. No. 5 at 9; *see also* Dkt. No. 21 at 21. According to Plaintiff, Mr. Cheung's response was "inconsistent" because he had been given a Chromebook and was a participant in the SCSEP. Dkt. No. 5 at 9.

Plaintiff made a written discrimination complaint on January 3, 2023 ("January 3 complaint"), that is addressed to "Department for Aging Commissioner" and copies "SCSEP Director[,] National Council on the Aging." Dkt. No. 5 at 8–9. The January 3 complaint describes the alleged discrimination faced by Plaintiff due to him initially not being given a Chromebook and due to his internship placement in lieu of additional computer training. *Id.*

Plaintiff alleges that on January 11, 2023, a meeting occurred to discuss his January 3 complaint. *Id.* at 5. During this meeting, Plaintiff was terminated from the SCSEP "by filing SCSEP Exit Form on demand of Siveem El-Nashar, Senior Director-Older Adult Workforce[,] despite I told her that 'You retaliate against me.'" *Id.* Plaintiff alleges that his participation in SCSEP was terminated because of his "complaints about discrimination[.]" *Id.*; *see also* Dkt. No. 21 at 24–25. In a letter dated January 11, 2023, NYCDFTA informed Plaintiff that his termination from the Older Adult Employment Program would be effective February 10, 2023.

4

Dkt. No. 21 at 26.  NYCDFTA provided Plaintiff official notice of his termination in a letter dated February 10, 2023.  *Id.* at 28.

## PROCEDURAL HISTORY

Plaintiff filed this action on February 13, 2023.  *See* Dkt. No. 2.  On August 30, 2023, Judge Swain issued an Order to Amend that directed Plaintiff to amend his complaint.  *See* Dkt. No. 4.  Among other things, Judge Swain's Order advised Plaintiff that his amended complaint should include:  "a) the names and titles of all relevant people; b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred; c) a description of the injuries Plaintiff suffered; and d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief."  Dkt. No. 4 at 9.

Plaintiff filed a timely Amended Complaint on September 8, 2023.  Dkt. No. 5.  Plaintiff alleges discrimination based on race and national origin in violation of Title VII of the Civil Rights Act of 1964 and racial discrimination in violation of 42 U.S.C. § 1981.  Dkt. No. 5 at 3–4. Plaintiff names two defendants in his Amended Complaint:  NCOA and Siveem El-Nashar.  *See id.*  Both Defendants have separately moved to dismiss the Amended Complaint.  *See* Dkt. Nos. 17, 38.  Defendant El-Nashar filed her motion to dismiss on May 17, 2024.  Dkt. Nos. 17, 18. Plaintiff opposed the motion on May 28, 2024.  Dkt. No. 21.  Defendant El-Nashar filed a reply in support of her motion to dismiss on August 2, 2024.  Dkt. No. 32.  Defendant NCOA filed a motion to dismiss on August 30, 2024.  Dkt. Nos. 38, 39, 40.  Plaintiff opposed the motion on September 16, 2024.  Dkt. No. 44.  Defendant NCOA did not file a reply in support of its motion.  *See* Dkt. No. 47.  For the reasons that follow, both motions to dismiss are GRANTED.

5

## DISCUSSION

### I. Legal Standard

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim only has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.  The standard for surviving a motion to dismiss is not difficult to meet.  *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (the issue on a motion to dismiss is whether a plaintiff is entitled to offer evidence to support its claims, not whether the plaintiff will ultimately prevail).

When ruling on a Rule 12(b)(6) motion, the district court must accept all factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *See, e.g.*, *Koch v. Christie's Int'l, PLC*, 699 F.3d 141, 145 (2d Cir. 2012).  However, courts are not required to accept legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  In assessing the sufficiency of the complaint, the court may also consider documents incorporated into the complaint by reference or attached to the complaint as exhibits, or whose terms and effect are relied upon by the plaintiff in drafting the complaint.  *See Gryl ex rel. Shire Pharm. Grp. PLC v. Shire Pharm. Grp. PLC*, 298 F.3d 136, 140 (2d Cir. 2002), *cert. denied*, 537 U.S. 1191 (2003); Fed. R. Civ. P. 10(c).

Courts are required to "'liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest.'" *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)). Although all allegations contained in the operative complaint are taken to be true, this rule is "inapplicable to legal conclusions," *Iqbal*, 556 U.S. at 678, and the factual allegations must be at least "enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

## II. Defendant NCOA's Motion to Dismiss

Defendant NCOA moves to dismiss Plaintiff's Amended Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 40. Defendant NCOA alleges that dismissal is warranted because Plaintiff "erroneously named NCOA as a defendant. . . . NCOA has no relationship to Plaintiff. He never worked for NCOA, nor participated in any NCOA programs." *Id.* at 1.[5] Defendant NCOA argues that all of Plaintiff's allegations relate to the New York City Department for the Aging, which is a New York City agency that is unrelated to NCOA. *Id.*

In Plaintiff's opposition to Defendant NCOA's motion to dismiss (Dkt. No. 44), he argues that NCOA was, in fact, "involved in termination of Plaintiff on January 11, 2023 from SCSEP/NYC Department for the Aging (NYCDFA) because of his claims on discrimination by Debra Joseph, manager of the Skills Center of SCSEP/NYCDFA" and because Plaintiff copied NCOA on his January 3 complaint. Dkt. No. 44 at 2. Plaintiff explains that he "sees liability of SCSEP/National Council on the Aging because the agency neglected his letter for help, dated

---

[5] "NCOA is a small non-profit organization based in Arlington, Virginia that provides" a variety of services to benefit older Americans. Dkt. No. 40 at 2. While NCOA, like NYCDFTA, is a grantee under the SCSEP program, their records do not reflect that they ever provided services to the Plaintiff, nor does Plaintiff allege that they did. *Id*. at 2-3.

January 3, 2023. NCOA/SCSEP Director of Program Operations disengagement to urgent message from Sergei Moroshkin constitutes partial liability of the Defendant in retaliation against Plaintiff." *Id.* at 3.

Plaintiff is mistaken. Defendant NCOA's alleged "disengagement" from his January 3 complaint does not create liability on behalf of NCOA. Plaintiff's attempt to enlist the help of an unrelated non-profit agency to which he had no connection does not establish liability on behalf of that unrelated agency for Title VII and § 1981 violations.

Plaintiff was a participant in the SCSEP operated by the NYCDFTA, *not* one of the 24 SCSEPs that are operated by NCOA. Other than Plaintiff's intention to "copy" NCOA on his January 3 complaint, Plaintiff's Amended Complaint, and the documents incorporated by reference thereto, makes no reference to Defendant NCOA in any way. All of the correspondence and other documentation Plaintiff received, *see, e.g.*, Dkt. No. 21 at 8–28, was from the NYCDFTA. Plaintiff does not refer to any NCOA employees, nor does he list NCOA as his "place of employment" or state that he participated in an NCOA-run SCSEP. Instead, Plaintiff lists the SCSEP run by the NYCDFTA as his "place of employment" and his allegations all involve interactions with NYCDFTA employees, including Debra Joseph and Siveem El-Nashar. Dkt. No. 5 at 3, 5, 8, 9. Additionally, Plaintiff does not allege that NCOA terminated him from participation in the SCSEP; rather, Plaintiff alleges that he was terminated at the direction of NYCDFTA employee Siveem El-Nashar. *See id.* at 5.

Even after drawing all reasonable inferences in Plaintiff's favor, Plaintiff does not make any direct or indirect allegations in his Amended Complaint towards NCOA that could possibly sustain any cognizable cause of action, and his Amended Complaint thus fails to state a claim against Defendant NCOA. Accordingly, Defendant NCOA's motion to dismiss the amended

complaint is GRANTED.  Because, under all the circumstances of this case, amendment as to NCOA would be futile, the Court declines to grant permission *sua sponte* for further amendment as to NCOA, and the dismissal is thus granted with prejudice.

### III.     Defendant El-Nashar's Motion to Dismiss

#### a. Title VII Claims

Title VII provides that it "shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).  Title VII prohibits employers from retaliating against an employee who has opposed any practice made unlawful by the statute, or has made a charge, testified, assisted, or participated in an investigation, proceeding, or litigation under the statute. *See id*.

Even if Plaintiff qualified as an "employee" within the meaning of Title VII (which appears very unlikely, given the nature of SCSEP), Title VII only provides for the liability of an employer and other covered entities—it does not subject individuals to liability.  *See* 41 U.S.C. § 2000e-2; *see also Williams v. N.Y.C. Dep't of Educ.*, 17-CV-1996 (AJN), 2018 WL 4735713, at *4 (S.D.N.Y. Sept. 29, 2018) ("[I]t is long settled that individual defendants may not be subject to liability under Title VII."); *Littlejohn v. City of New York*, 795 F.3d 297, 313 (2d Cir. 2015).  Accordingly, the Court must dismiss Plaintiff's Title VII discrimination and retaliation claims against Defendant El-Nashar because she is not subject to individual liability under Title VII.

b.  **Section 1981 Claims**

Plaintiff also asserts discrimination claims against Defendant El-Nashar under 42 U.S.C. § 1981.  Dkt. No. 5 at 4.  However, Section 1983—not Section 1981— "constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by [a] state governmental unit[.]" *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989); *Duplan v. City of New York*, 888 F.3d 612, 620–21 (2d Cir. 2016) (reaffirming the "ongoing viability" of the *Jett* decision and holding "§ 1981 does not provide a separate private right of action against state actors").  Thus, Plaintiff cannot assert a viable claim against Defendant El-Nashar, a state actor, under Section 1981.

Even if the Court generously construes Plaintiff's Amended Complaint to assert a Section 1983 discrimination claim against Defendant El-Nashar, the claim would not survive Defendant El-Nashar's motion to dismiss.  *See Nnebe v. City of New York*, 22-CV-3860 (VEC) (SLC), 2023 WL 2393920, at *7 (S.D.N.Y. Jan. 30, 2023) ("Since *Duplan*, courts in this District considering *pro se* plaintiff's Section 1981 claims against state actors have construed them as asserting Section 1983 claims." (collecting cases)), *report and recommendation adopted*, 2023 WL 2088526 (S.D.N.Y. Feb. 17, 2023).  "To state a claim under § 1983, a plaintiff must allege two elements:  (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist*, 801 F.3d 72, 87–88 (2d Cir. 2015) (internal references omitted).  "[W]hen the defendant sued for discrimination under § 1981 or § 1983 . . . [is] an individual sued in his official capacity, the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom." *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (internal references omitted) (collecting cases); *see also Gonzalez v. City of New York*, 377 F. Supp. 3d 273, 287 (S.D.N.Y. Mar. 28, 2019) ("Because section 1983

claims against individual municipal employees in their official capacities are tantamount to a § 1983 claim against the municipality itself to establish a basis for liability against municipal employees, a plaintiff must allege the existence of a municipal policy or custom that resulted in the underlying violations allegedly committed by the municipal employee defendants.") (internal references omitted).

Here, the Court cannot identify a single allegation in Plaintiff's Amended Complaint that contends that Defendant El-Nashar acted pursuant to a discriminatory NYCDFTA policy, custom, or practice. Nor can the Court identify any allegations in the Amended Complaint that allege discrimination based on some protected characteristic, in any capacity. While the Court may be sympathetic to Plaintiff's claims that he felt unfairly treated, unfair treatment does not give rise to a constitutional or statutory violation unless that unfair treatment is based on some protected characteristic of the Plaintiff, such as his gender, race, ethnicity, religion, or age. Plaintiff has not alleged that Ms. Joseph refused to give him a Chromebook, that he was transferred to an internship placement, or that he was terminated *because of* his race or ethnicity, or any other protected classification. Thus, not only does the Amended Complaint fail to allege anything that would constitute illegal discrimination, the complaint provides "no facts that would allow [the Court] to plausibly infer that [Defendants] acted pursuant to a municipal custom or practice permitting the violation of Plaintiff's constitutional rights." *Voltair v. Westchester Cty. Dep't of Soc. Servs.*, 11-CV-8876 (CS), 2016 WL 4540837, at *7 (S.D.N.Y. Aug. 29, 2016). Plaintiff's § 1981 claims, construed as § 1983 claims, against Defendant El-Nashar fail to state a claim on which relief can be granted and must be dismissed.[6]

---

[6] Defendant El-Nashar raises a number of other bases on which to dismiss, such as failure to exhaust administrative remedies. The Court need not address these other arguments in order to grant the motion.

## IV.  Leave to Amend

"[I]t is within the sound discretion of the district court whether to grant or deny leave to amend." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). "Although district judges should, as a general matter, liberally permit pro se litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Village of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Here, after two attempts to adequately plead causes of action, Plaintiff has not only failed to do so, but—regardless of any pleading defect— he has failed to show that he has any potential actionable claim at all that could be redressed in federal court.  Thus, the Court determines that it would be futile for Plaintiff to replead any of his claims.  *See, e.g.*, *Gray v. Nestle Waters N. Am., Inc.*, 22-1840, 2023 WL 7320595, at *2 (Nov. 7, 2023) ("Although district courts should not dismiss a *pro se* complaint without permitting at least one opportunity to amend when a liberal reading of the complaint gives any indication that a valid claim might be stated, granting leave to amend is not necessary when amendment would be futile.") (internal references omitted); *Perry v. Sony Music*, 462 F. Supp. 2d 518, 520 (S.D.N.Y. 2006) ("Because [the *pro se* plaintiff] was already afforded an opportunity to cure the deficiencies in his initial complaint and failed to do so in the amended complaint, the Court deems it appropriate not to grant any further leave to replead.").  Therefore, the Court denies Plaintiff leave to amend his complaint again.

## CONCLUSION

For the aforementioned reasons, Defendant El-Nashar's motion to dismiss (Dkt. No. 17) and Defendant NCOA's motion to dismiss (Dkt. No. 38) are GRANTED, such that all claims

asserted against all Defendants are DISMISSED WITH PREJUDICE. Plaintiff's Cross Motion to Deny El-Nashar's Motion to Dismiss (Dkt. No. 36). is hereby DENIED AS MOOT.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 17, 36, and 38. The Clerk of Court is also respectfully directed to terminate all deadlines and CLOSE this case.

The Court certifies under 28 U.S.C. 1915(a)93) that any appeal from this Opinion and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of appeal. *Cf. Coppedge v. united States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: January 6, 2025
       New York, New York

                                            SO ORDERED.

                                            MARGARET M. GARNETT
                                            United States District Judge